**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| BRIAN RUBY, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION and CCC INFORMATION SERVICES, INC.,<br><br>    Defendants. | Case No.: 8:19-cv-02922-T-MSS-AEP |

**MOVANT CCC INFORMATION SERVICES INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS AND COMPEL APPRAISAL AND IF APPRAISAL IS GRANTED**

Defendant CCC Information Services Inc. ("CCC"), by and through its counsel, respectfully moves for a stay of discovery pending resolution of CCC's concurrently-filed Motion to Dismiss and Compel Appraisal ("Motion"), pursuant to the appraisal procedures set forth in the governing insurance policy between United Services Automobile Association ("USAA") and Plaintiff. As set forth herein, the outcome of the Motion, whether granted in whole or part, and completion of the appraisal procedure, will eliminate discovery completely and/or significantly narrow the discovery to which Plaintiff might be entitled. Ultimately, judicial economy and the conservation of the Court's and the parties' resources would best be served by a stay of discovery.

**I.     BACKGROUND**

This case concerns the amount that USAA paid to Plaintiff for his total loss vehicle. Plaintiff had an automobile insurance policy with USAA (the "Policy"). *See* Complaint (Dkt. 1) ¶ 16. Following an automobile accident and Plaintiff's submission of a claim to USAA, USAA

determined that the vehicle was a total loss. *Id.* ¶ 7. Plaintiff asserts that in determining the value of the pre-accident vehicle, USAA unlawfully relied on CCC's Market Valuation Reports, which allegedly undervalued the vehicle. *E.g.*, *id.* ¶¶ 19–22.

The Policy provides that in the event the parties disagree as to the amount of loss,

> either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

Policy, Compl. Ex. B (Dkt. 1-2), at 25. The Policy further states, "[n]o legal action may be brought against us until there has been full compliance with all the terms of this policy." *Id.* at 28. Both USAA and CCC (under the doctrine of equitable estoppel) are seeking to enforce this contractual right, which would resolve the dispute as to the loss value.

Plaintiff, however, has decided not to agree to an appraisal and to oppose appraisal on grounds that there has been a waiver. As explained in the Motion, the waiver argument is meritless. For the reasons set forth below, the Court should stay discovery pending the outcome of CCC's Motion and the completion of an appraisal under the plain terms of the governing USAA policy.

**II.    ARGUMENT**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citation omitted), and "the decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Connor v. Sec'y, Fla. Dep't of Corr.*, 713 F.3d 609, 619 (11th Cir. 2013) (quoting *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013)). In particular, courts have "broad discretion to stay discovery pending decision

on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citation omitted).

The Eleventh Circuit has long recognized the district court's discretion to stay discovery pending resolution of motions to dismiss presenting "purely legal question[s.]" *Carter v. Dekalb Cty., Ga.*, 521 F. App'x. 725, 728 (11th Cir. 2013) (per curiam) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *see also Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (holding that stay of discovery was proper where Rule 12 motion presented purely legal issues and thus "there was no need for discovery before the district court ruled" (citing *Chudasama*, 123 F.3d at 1367). The Eleventh Circuit explained in *Chudasama* that, where "there are no issues of fact" in a motion to dismiss, "neither the parties nor the court have any need for discovery before the court rules on the motion." 123 F.3d at 1367 (citations omitted).

Another primary reason such stays are warranted and reasonable is that they serve to avoid "unnecessary costs to the litigants and to the court system." *Id*. at 1367–68. Full discovery while a dispositive motion is pending tends to "waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.*. In other words, as the Eleventh Circuit recently reaffirmed, allowing discovery to proceed while a motion to dismiss is pending "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Inman v. Am. Paramount Fin.*, 517 F. App'x. 744, 749 (11th Cir. 2013) (quoting *Chudasama*, 123 F.3d at 1368); *see also James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (affirming district court's grant of stay of "proceedings, filings, and discovery" pending ruling on motions for judgment on pleadings and motions to dismiss because

stay "furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties[]") (citations omitted), *cert. denied*, 140 S. Ct. 154 (2019).

Decisions in the Middle District of Florida have adhered to these principles and emphasized the Eleventh Circuit's concern in avoiding unnecessary costs and burdens associated with discovery. In *Race v. Bradford County*, for example, the court reasoned that a stay was proper "if resolution of a pending dispositive motion might dispose of the case but improper if discovery is necessary to respond to that motion," and emphasized the numerous "potentially needless" costs that could be avoided by staying discovery until the "court resolves a dispositive motion based solely on a legal matter." No. 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (Barksdale, M.J.) (citations omitted). In *George & Company LLC v. Cardinal Industries, Inc.*, the court took a "preliminary peek" at the merits of the defendant's motion to dismiss and found that it raised "potentially meritorious challenges" to the complaint and thus good cause to stay discovery. Case No. 2:18-cv-154-FtM-38MRM, 2019 WL 1468514, at *1–2 (M.D. Fla. Feb. 19, 2019).

The principles driving these cases are directly applicable to CCC's Motion. Concerns relating to abusive and costly discovery are only heightened where a contractually-mandated appraisal process is at issue. *See, e.g.*, *Aguero v. Scottsdale Ins. Co.*, No. 1:18-CV-23268-KMM, 2018 WL 6519102, at *1–2 (S.D. Fla. Sept. 20, 2018) (granting stay, "including all discovery," pending appraisal and noting that "enforcement of appraisal provisions are preferred over lawsuits as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits[]" (internal quotation marks and citation omitted)); *Miller v. Allstate Tex. Lloyd's*, No. CV H-17-1684, 2018 WL 8733085, at *2 (S.D. Tex. June 20, 2018) ("If the parties and the Court continue to proceed on this case, it could ultimately result in wasted time, money, and energy if

the appraisal process resolves the case or significantly narrows the issues." (citation omitted)); *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *3 (E.D. Tex. Oct. 30, 2015) ("Abatement of *the entire case* pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice." (emphasis in original)); *Arcadia Gardens Mgmt. Corp. v. Great Am. Ins. Co. of N.Y.*, No. 2:13-cv-08635-DDP(VBKx), 2014 WL 457949, at *2 (C.D. Cal. Feb. 4, 2014) ("[A]ppraisal would promote judicial efficiency and conserve party resources[,] . . . may result in settlement of this dispute or other expeditious resolution, or may minimize the amount of discovery required to resolve outstanding . . . disputes." (citation omitted)).

District courts in this Circuit have "routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith."[1] *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) (collecting cases in various jurisdictions); *see also Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc.*, No. CV 12-00027-KD-B, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012) ("[A]llowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid."). Staying discovery would thus conform with the parties' "preference for more informal, less expensive procedures[,]" whereas "allowing continued discovery[] . . . would subject the parties to the very complexities, inconveniences and expenses

---

[1] Arbitration provisions are enforced in the same manner. *See, e.g.*, *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-CIV, 2011 WL 2470344, at *12 (S.D. Fla. June 21, 2011) ("[a]ppraisal provisions in insurance policies … have generally been treated as arbitration provisions" (citation omitted)); *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So.3d 703, 704 (Fla. Dist. Ct. App. 2009) (establishing same); *see also, e.g.*, *CenTrust Bank, N.A. v. Montpelier U.S. Ins. Co.*, No. 12-cv-9233, 2013 WL 1855838, at *2 (N.D. Ill. May 1, 2013) ("[A]n appraisal clause is analogous to an arbitration clause and is enforceable in a court of law in the same manner as an arbitration clause." (citation omitted)).

5

of litigation that they determined to avoid." *Suarez-Valdez v. Shearson Lehman/Am. Express Inc.*, 858 F.2d 648, 649–50 (11th Cir. 1988) (Tjoflat, J., concurring) (agreeing that trial court erred in permitting discovery where parties agreed to arbitrate).

Finally, courts routinely stay discovery pending motions to dismiss or pending appraisal in cases analogous to this one—total loss cases challenging determination of loss value—recognizing that the motion to dismiss and/or the appraisal process could eliminate or substantially narrow the scope of discovery. *See, e.g.*, Text Order, *Philips v. Garrison Prop. & Cas. Ins. Co.*, No. 2:19-cv-01727-JEO (N.D. Ala. Nov. 20, 2019), ECF No. 23 (staying discovery pending resolution of CCC's motion to compel appraisal and dismiss); Paperless Order, *Bettor v. Esurance Prop. & Cas. Ins. Co.*, No. 0:18-cv-61860-FAM (S.D. Fla. Mar. 11, 2019), ECF No. 26 (staying discovery pending resolution of Esurance's motion to compel appraisal and dismiss); Order, *Kronenberg v. Allstate Ins. Co.*, No. 1:18-cv-06899-NGG-JO (E.D.N.Y. Feb. 11, 2019) (granting joint motion to continue initial conference pending resolution of motion to dismiss); Text Order, *Armstead v. Farmers Ins. Co.*, No. 4:19-cv-00458-JM (E.D. Ark. Sept. 19, 2019), ECF No. 23 (granting motion to stay deadlines contained in initial scheduling order pending ruling on motion to dismiss); Text Order, *Bray v. Esurance Prop. & Cas. Ins. Co.*, No. 4:19-CV-00457-JM (E.D. Ark. Sept. 27, 2019), ECF No. 20 (same); Text Order, *DuPriest v. Allstate Ins. Co.*, No. 4:19-cv-00230-JM (E.D. Ark. Oct. 22, 2019), ECF No. 22 (same); Text Order, *Kirby v. Safeco Ins. Co. of Ill.*, No. 3:19-cv-00188-JM (E.D. Ark. Sept. 19, 2019), ECF No. 23 (same).

In *Chudasama*, the cases relating to arbitration and appraisal, and the analogous total-loss cases all call for staying discovery in this case pending resolution of the Motion and the completion of the appraisal process outlined in the Policy. 123 F.3d 1353. Just as in those cases, no discovery is necessary here for the Court to resolve CCC's Motion, which assumes the facts alleged in the

Complaint to be true and shows that an appraisal should be compelled based on the clear language of the Policy, as well as that Plaintiff's claims against CCC are meritless in any event. Initial disclosures and factual development in this putative class action through interrogatories, document production, and depositions would add nothing to the Court's resolution of these legal issues while requiring CCC to expend extensive resources in responsive to the anticipated discovery requests. And if the Court compels an appraisal, the need for discovery would either be eliminated if the parties reach a satisfactory outcome during the appraisal process or, at a minimum, substantially curtailed as the disputed issues would be narrowed during the appraisal process. A stay of discovery therefore would avoid substantial, unnecessary costs to all parties and to the Court. Further, given that Plaintiff has brought this case as a class action and will presumably seek discovery as to a large putative class of Alabama citizens, the need to avoid unnecessary discovery costs is heightened here and should be avoided pending resolution of the appraisal.

### III.   CONCLUSION

CCC respectfully requests that the Court stay discovery pending resolution of CCC's Motion. CCC further requests such additional relief as this Court deems just.

Date: January 21, 2020                                   Respectfully submitted,

*/s/ Marguerite M. Sullivan*

Marguerite M. Sullivan (*pro hac vice*)
marguerite.sullivan@lw.com
Jason R. Burt (*pro hac vice*)
jason.burt@lw.com
George C. Chipev (*pro hac vice*)
george.chipev@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

        Joseph H. Varner, III
        Florida Bar No. 394904
        HOLLAND & KNIGHT LLP
        P O Box 1288
        Tampa FL 33601-1288
        Telephone: 813-227-8500 / Fax: 813-229-0134
        joe.varner@hklaw.com
        Secondary:  gloria.mcknight@hklaw.com

        *Attorneys for CCC Information Services, Inc.*

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that on January 17, 2020, George Chipev, counsel for Defendant CCC Information Services Inc., contacted Jay Waller, counsel for Plaintiff Brian Ruby via telephone. CCC's counsel informed Plaintiff's counsel that CCC would be moving to (1) dismiss Plaintiff's complaint or, in the alternative, to compel Plaintiff to proceed with appraisal and stay this action pending the outcome of the appraisal; and (2) stay discovery pending the resolution CCC's appraisal motion or if appraisal is granted. Plaintiff's counsel did not consent to CCC's requested relief.

*/s/ Marguerite M. Sullivan*

Marguerite M. Sullivan

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all counsel of record.

                                                */s/ Marguerite M. Sullivan*
                                                Attorney for Defendant CCC Information Services, Inc.,