UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN RUBY, Individually, and on behalf of all others similarly situated,**

    Plaintiff,

v.                                                    Case No: 8:19-cv-2922-T-35AEP

**UNITED SERVICES AUTOMOBILE ASSOCIATION and CCC INFORMATION SERVICES, INC.,**

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motions to Compel Appraisal and Dismiss the Complaint filed by Defendants United Services Automobile Association ("USAA"), (Dkt. 26), and CCC Information Services, Inc. ("CCC"), (Dkt. 27); CCC's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss and Compel Appraisal and if Appraisal is Granted, (Dkt. 28); USAA's Motion to Stay Discovery, (Dkt. 29); and the Response in opposition to Defendants' Motions filed by Plaintiff, Brian Ruby. (Dkt. 40) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motions.

The Court has reviewed the Parties' submissions and finds particularly persuasive and informative Phillips v. Garrison Prop. & Cas., No. 2:19-cv-01727-JEO, 2020 U.S. Dist. LEXIS 104094 (N.D. Ala. May 12, 2020), including the distinctions it draws as between the Florida law-based case, Lopez v. Progressive Select Ins. Co., No. 0:18-cv-61844-WPD, 2019 WL 7371823 (S.D. Fla. Mar. 15, 2019), *report and recommendation adopted*, 2019 WL 4731644 (S.D. Fla. May 14, 2019), and Alabama law-based cases and the

distinctions it draws between the rights and obligations of USAA versus CCC. Fully advised, the Court **GRANTS** Defendants' Motions to the extent they seek to compel appraisal but **DENIES** Defendants' Motions to the extent dismissal is sought. (Dkts. 26, 27) As to the Motions to Stay Discovery, the Court hereby **GRANTS** USAA's Motion, (Dkt. 29); however, CCC's Motion is **DENIED**. (Dkt. 28)

USAA is correct that the appraisal process is not mandatory until and unless one party invokes rights under the provision. (See Dkt. 1-1 at 33) Though neither party is required to invoke appraisal, once one does, appraisal becomes mandatory. USAA attached the BakerHostetler letter invoking the appraisal provision on behalf of USAA. (Dkt. 26-2 at 5–6) Accordingly, USAA has now invoked its rights thereunder; and thus, the appraisal process must be undertaken. The Court declines to find waiver, estoppel or impossibility on this record. USAA was not required to invoke appraisal until it was put on notice of a dispute of the valuation. This lawsuit constituted that notice. Plaintiff's assertion that the appraisal process cannot be completed because the vehicle is no longer available will need to be determined by the appraisers selected by the Parties. If two of the appraisers agree that the absence of the vehicle precludes them from reaching a fair appraisal, the matter may need to be revived in this Court—or not. That issue will be addressed if and when it is presented.

USAA is incorrect, however, that invoking and participating in the appraisal process are conditions precedent to filing a lawsuit. Indeed, USAA relies on the lawsuit as its basis to claim its first notice of the need to invoke the appraisal process, which process it acknowledges did not become mandatory until one of the parties invoked it. Plaintiff was not required to demand an appraisal *before* bringing suit. Had USAA not

invoked the appraisal process, the matter could have proceeded in federal court in the normal course. Plaintiff had complied with all of the policy provisions at the time he filed the suit. It was not until USAA invoked its rights under the policy that the appraisal process operated to interrupt this litigation.

Consequently, the Court will **STAY** these proceedings until the appraisal process is complete, either because an actual loss amount has been determined or the appraisers conclude one cannot be reached because the car was sold by USAA for salvage, apparently without objection from the Plaintiff, before either party invoked a demand for appraisal. Notably, according to the insurance contract, any value that is found by the appraisal process will be deemed binding. It is unclear, and the Court does not now decide, what impact such a valuation determination might have on this case. The Parties will be free to seek to revive the suit as between USAA and Plaintiff once that determination is made, if that is appropriate under the law and pursuant to the contract of insurance.

As to CCC, there is no right to an appraisal, and its rights and obligations, liabilities and defenses are not tied to such a process. Thus, the claims against it may proceed. If the Parties consent to a stay of all parts of the action pending the completion of the appraisal process, the Court will stay the entire case; otherwise, the case shall proceed in the normal course against CCC.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person